UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Alan Blakely,<br><br>               Plaintiff,<br><br>    v.<br><br>Consolidated Rail Corporation,<br><br>               Defendant. | Case No:<br><br>JURY TRIAL DEMAND |

**COMPLAINT**

Plaintiff Alan Blakely ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Consolidated Rail Corporation ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is recognized as one of the top architectural photographers at work today, with a career that spans three decades, he is the founder of The Association of Independent Architectural Photographers, Real Estate Photographers of America & International and Aerial Drone Photographers of America. He was named "Best Photography Business of the Year - 2026" by Global 100 Awards, the best architecture and interior design photographer for 2025 by M&A TODAY Magazine, the "Best Architectural, Interior Design and Aerial Photography Company for 2024" by BUILD Magazine, the Best Photography Business of the Year 2026 by American Business Vanguard and Best Photography Business of the Yearby Corporate America Today.

3. Plaintiff created a photograph of a warehouse (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief, Defendant is a terminal and switching company

handling the critical last-mile movement of freight between customers and the long-distance trains of its parent companies Norfolk Southern Corporation and CSX Corporation. It operates shared freight rail service in and around Detroit, Philadelphia, and northern New Jersey, where both parent companies rely on Conrail to provide neutral access to customers in dense metropolitan areas.

5. As a part of its business, Defendant owns and operates a social media account on LinkedIn known as "Conrail" (the "*Account*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Alan Blakely is an individual who is a citizen of the State of Utah and maintains a principal place of business in Weber County, Utah.

8. Upon information and belief, defendant Consolidated Rail Corporation, is a Pennsylvania corporation with a principal place of business at 1717 Arch Street, 13th Floor, Philadelphia in Philadelphia County, Pennsylvania.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Pennsylvania.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

12. Plaintiff is a professional photographer by trade who is the legal and rightful owner

of certain photographs which Plaintiff commercially licenses.

13.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16.     Plaintiff first published the Photograph in 2017. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

17.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

18.     On April 18, 2024, the Photograph was registered by the USCO under Registration No. VA 2-406-037.

19.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     <u>Defendant's Infringing Activity</u>**

20.     Defendant is the registered owner of the Account and is responsible for its content.

21.     Defendant is the operator of the Account and is responsible for its content.

22.     The Account is a key component of Defendant's popular and lucrative commercial enterprise.

23.     Upon information and belief, Defendant is a sophisticated business which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

24.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure

that images used in their on-line posts have been properly licensed.

25. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

26. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

27. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

28. Without permission or authorization from Plaintiff, in May 2025 Defendant volitionally copied and displayed the Photograph on the Account as part of an on-line post at URL: https://www.linkedin.com/posts/conrail_teamconrail-homedepot-conrailmichigan-activity-7322598968243204096-_qgl/?utm_source=share&utm_medium=member_desktop&rcm=ACoAACscQgkB3hln3UNRb6il8Nmv5W-nNZCvdE4. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

29. The Infringement is a copy of Plaintiff's original image that was directly copied and displayed on the Account by Defendant.

30. Plaintiff first observed the Infringement on May 22, 2025.

31. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

32. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

33.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Account, including, but not limited to copying, posting, selecting, commenting on, and displaying images including but not limited to Plaintiff's Photograph.

34.     Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

35.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

36.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

37.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

38.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on the Account and exercised and/or had the right and ability to exercise such right.

39.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

40.     Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

41.     Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Account.

42.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43.     Defendant's use of the Photograph harmed the actual market for the Photograph.

44.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential

market for the Photograph.

45. On July 4, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

46. Thereafter, on August 4, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

47. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

48. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

51. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

52. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

55. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

57. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

59. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement

    pursuant to 17 U.S.C. § 504(c), whichever is larger;

 c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

 d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

 e. for pre-judgment interest as permitted by law; and

 f. for any other relief the Court deems just and proper.

DATED: October 9, 2025

        **SANDERS LAW GROUP**

        By:  */s/ Renee Aragona*
        Renee Aragona, Esq. (PA Bar 325520)
        333 Earle Ovington Blvd, Suite 402
        Uniondale, NY 11553
        Tel: (516) 203-7600
        Email: raragona@sanderslaw.group
        File No.: 132086
        *Attorneys for Plaintiff*